IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACOB TERMAIN COVINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action |
| | ) | No. 12-3222-CV-S-DW-H |
| LINDA SANDERS,[1] Warden, | ) | |
| United States Medical Center for | ) | |
| Federal Prisoners, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges conditions of his confinement. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to exhaust administrative remedies, it will be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order was entered, the United States filed its response. Thereafter, a traverse was filed.

As grounds for relief in habeas corpus, petitioner alleges that he has been threatened with having to take injectable anti-psychotic medication, to which he is allergic. He does not allege that he is being forced to take the medication at this time. He asserts that he should not have to exhaust administrative remedies on these issues because he is a civil detainee pursuant to 18 U.S.C. § 4243, for whom exhaustion requirements under the Prison Litigation Reform Act ["PLRA"] do not apply.

---

[1] Linda Sanders, the current Warden at the Medical Center, is the proper respondent.

1

Respondent states that petitioner has failed to exhaust administrative remedies. <u>Willis v. Ciccone</u>, 506 F.2d 1011, 1015 (8th Cir. 1974). It is further asserted that issues regarding an inmate's medical care and treatment, including the administration of medication, are not excluded issues under 28 C.F.R. § 542.10( c). According to the attorney advisor at the Medical Center, petitioner has filed two administrative remedies during his incarceration. Both dealt with his medical care and both were rejected at the regional level because petitioner did not first submit a request to the warden at the Medical Center.

After careful review, the Court finds that because petitioner has failed to follow the available administrative remedy process, and failed to fully exhaust available administrative remedies, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice. <u>Willis,</u> 506 F.2d at 1015; <u>Franklin v. Castillo</u>, 10-03188-CV-ODS (W.D. MO, Apr. 11, 2012), <u>aff'd</u>, 12-1923 (8th Cir. Sept. 12, 2012).

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

/s/ James C. England<br>
JAMES C. ENGLAND<br>
United States Magistrate Judge

Date: 10/23/12